O

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

RICHARD SCOTT MOSS, ET. AL.,

    Plaintiffs,

vs.                                    Case No. EDCV 07-1027-JTM

CITY OF SAN BERNARDINO, ET. AL.,

    Defendants.

MEMORANDUM AND ORDER

       This matter comes before the court on the issues of (1) the proper regular rate calculation, and (2) the liability period. The court ordered simultaneous briefing on the issues, which the parties have submitted. On February 2, 2012, the court held a conference call on the matter in which it stated its findings. This Memorandum and Order serves to memorialize those findings.

       On the issue of the regular rate calculation, the plaintiffs argue that only regularly scheduled, non-overtime hours should be included in the denominator. The defendants contend the divisor is the number of hours regularly scheduled in the work period. The court agrees with the defendants. The regulations provide that employers and courts should calculate the regular rate for 207(k) employees using the formulas in 29 C.F.R. § 778, and substitute the applicable "work period" for "workweek." *See* 29 C.F.R. § 553.233. The regular rate in this case should be calculated in the following manner. First, to determine the annual salary the monthly rate plus incentives must be multiplied by 12. Next, the work period (28) must be divided by 365 and that resulting number must be multiplied by the annual salary. This gives the work period salary. *See* 29 C.F.R. § 778.113. Last,

the work period salary must be divided by the number of scheduled hours in a work period (either 240 or 192). This equals the regular rate. This calculation is also supported by case law and Department of Labor Opinion letters. *See Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003); *Aaron v. City of Wichita, Kan.*, 54 F.3d 652 (10th Cir. 1995); *Local 359 Gary Firefighters, AFL-CIO-CLC v. City of Gary*, No. 2:87 CV 20, 1995 WL 934175 (N.D. Ind. Aug. 17, 1995); UNITED STATES DEPARTMENT OF LABOR OPINION LETTER, FAIR LABOR STANDARDS ACT (FLSA): FIREFIGHTERS/REGULAR RATE, 1987 WL 1369129 (1987); UNITED STATES DEPARTMENT OF LABOR OPINION LETTER, FAIR LABOR STANDARDS ACT (FLSA): FIREFIGHTERS/REGULAR RATE, 1986 WL 1171126 (1986).

The court also finds that the liability period ended in February 2009, which is when the fire department changed its § 7(k) system and began using a 24-day work period. The evidence at trial did not pertain to any time period after February 2009. In its previous Memorandum and Order this court specifically found that "the Department changed its 7(k) system effective February 9, 2009, to a 24-day period, in which firefighters are scheduled to work eight shifts. Under the current system, the Department pays FLSA overtime based on the number of actual hours worked during a 24-day period." Dkt. No. 166. Even if the plaintiffs are correct that the fire department has not fully corrected its system after February 2009, that is not this case. And liability after that date is not an issue.

IT IS SO ORDERED this 2d day of February 2012.

                                                  s/J. Thomas Marten
                                                  J. THOMAS MARTEN, JUDGE